# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**MEMORANDUM OF LAW & ORDER**
Criminal File No. 11-87 (MJD/JJK)

(7) ADETOKUNBO OLUBUNMI ADEJUMO,

        Defendant.

Lola Velazquez-Aguilu, Assistant United States Attorney, Counsel for Plaintiff.

Jordan S. Kushner, Law Office of Jordan S. Kushner, Counsel for Defendant.

## I.      INTRODUCTION

This matter is before the Court on Defendant's Motion to Re-Open and for Reconsideration of Restitution.  [Docket No. 1018]  Because this Court lacks jurisdiction to amend the judgment, it must deny the motion.

## II.     BACKGROUND

On July 26, 2011, Defendant Adetokunbo Olubunmi Adejumo pled guilty to two counts in the Superseding Indictment: Count 8, Bank Fraud, in violation of 18 U.S.C. §§ 2 and 1344, and Count 47, Aggravated Identity Theft, in violation

1

of 18 U.S.C. §§ 1028A and 2.  On August 14, 2012, the Court held a sentencing

hearing and sentenced Defendant to 124 months in prison and 5 years supervised

release.  The Court ordered mandatory restitution but left the amount of

restitution open because the amount owed to specified victims had not yet been

ascertained.

On September 4, 2012, Defendant's retained counsel, Kenneth Udoibok,

filed a motion to withdraw as counsel and requested that the Court appoint

counsel from the Federal Defender's conflict panel to handle Defendant's appeal.

[Docket No. 780]  However, on September 10, 2012, Udoibok filed a Notice of

Withdrawal of Motion, withdrawing the motion to withdraw as counsel, because

he thought that jurisdiction had transferred to the Eighth Circuit Court of

Appeals and appellate defense counsel would be substituted.  [Docket No. 785]

(See also Kushner Decl. ¶ 3 n.1)  Thus, Udoibok remained counsel of record on

the docket in the District Court case.

On August 20, 2012, Defendant filed a Pro Se Notice of Appeal to the

Eighth Circuit Court of Appeals.  [Docket No. 762]  On September 18, 2012, the

Eighth Circuit appointed Jordan Kushner to be Defendant's attorney on that

appeal.  (Kushner Decl. ¶ 1.)

On December 7, 2012, the Government moved for a final order of

forfeiture.  [Docket No. 829]  On December 14, this Court granted the final order

of forfeiture.  [Docket No. 841]

On August 15, 2013, the Government filed a Motion to Amend Judgment

seeking to order restitution to four different victims totaling $1,106,931.  [Docket

No. 993]  The motion was electronically filed on CM/ECF.  At that time, Udoibok

was still listed as Defendant's counsel of record.  According to Defendant,

Udoibok claims that he deleted without reading all CM/ECF notices that he

received in Defendant's case because he no longer considered himself to be

Defendant's attorney.  (Kushner Decl. ¶ 3 n.1.)

Defendant did not respond to the motion.  On August 29, 2013, the Court

granted the Government's motion and entered an Amended Judgment that

included restitution in the amount of $1,106,931 to victims Anchor Bank, Bank of

America, Chase Bank USA NA, and Guaranty Bank.  [Docket No. 1002]  On

October 30, 2013, Kushner entered an appearance as attorney for Adejumo in the

District Court case.  [Docket No. 1016]  Also, on October 30, Adejumo, through

Kushner, filed Defendant's Motion to Re-open and for Reconsideration of

Restitution.  [Docket No. 1018]  The Government opposed Defendant's motion

3

on the grounds that this Court lacks jurisdiction to grant the motion.  [Docket

No. 1021]

## III.    DISCUSSION

### A.    Statutory Procedure for Restitution

At sentencing, the Court ordered mandatory restitution, but left the

amount open because the amount owed to specified victims had not yet been

determined.  "If the victim's losses are not ascertainable by the date that is 10

days prior to sentencing, the attorney for the Government or the probation

officer shall so inform the court, and the court shall set a date for the final

determination of the victim's losses, not to exceed 90 days after sentencing."

18 U.S.C. § 3664(d)(5).  A district court's failure to impose an order of restitution

within 90 days does not prevent the district court from imposing the order of

restitution after the deadline has expired, so long as, before the 90-day deadline,

it stated that it would be ordering restitution.  Dolan v. United States, 560 U.S.

605, 608 (2010).

Once the Court imposes an order of restitution, that order is final:

A sentence that imposes an order of restitution is a final judgment
notwithstanding the fact that--

(1) such a sentence can subsequently be--

4

> > (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>
> > (B) appealed and modified under section 3742;
>
> > (C) amended under subsection (d)(5); or
>
> > (D) adjusted under section 3664(k), 3572, or 3613A; or
>
> (2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o).

Section 3664(o)(1)(A) provides that a restitution order can be corrected under Federal Rule of Criminal Procedure 35 and under 18 U.S.C. § 3742.  Rule 35(a) provides: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Rule 35 "imposes a time period that 'is jurisdictional and may not be extended.'"  United States v. Shakur, 691 F.3d 979, 988 n.6 (8th Cir. 2012) (quoting United States v. Addonizio, 442 U.S. 178, 189 (1979)).  Defendant did not file the current motion within 14 days after the Court filed the Amended Judgment.  18 U.S.C. § 3742 addresses appeals.  Defendant has not appealed the restitution amount.

Section 3664(o)(1)(B) addresses appeals.  Defendant has not appealed the restitution amount.

Section 3664(o)(1)(C) provides that a restitution order can be amended under § 3664(d)(5), which permits the Court to leave the amount of restitution open when the losses are not ascertainable at sentencing and enter a final determination of restitution at a later date, which the Court already did in this case.  This section also allows a victim to petition for an amended restitution order if she subsequently discovers further losses.  A victim petition is not at issue here.

Section 3664(o)(1)(D) provides that a restitution order can be adjusted under 18 U.S.C. §§ 3664(k), 3572, or 3613A.  Section 3664(k) provides that, when a defendant experiences a material change in his economic circumstances, the Court may adjust the payment schedule.  No such material change is alleged here, and § 3664(k) does not permit a Court to modify the overall amount of restitution owed.  Section 3572 addresses fines, and § 3613A addresses when a defendant is in default on his payment of restitution owed; neither of these statutes is applicable here.

Section 3664(o)(2) provides that a defendant can be resentenced under §

3565 or § 3614.  Section 3565 addresses revocation of probation, which is not at

issue at this time.  Section 3614 addresses resentencing upon a defendant's failure

to pay a fine or restitution, a situation not applicable in this case.

Federal Rule of Criminal Procedure 36 "allows a district court to correct a

clerical error in a judgment 'at any time.'"  United States v. Shakur, 691 F.3d 979,

987 (8th Cir. 2012).  However, "Rule 36 does not authorize a district court to

modify a sentence at any time."  United States v. Tramp, 30 F.3d 1035, 1037 (8th

Cir. 1994).  "An authorized correction, pursuant to Rule 36, may clarify a

sentence, unclear in written form, that is clear when the record is examined as a

whole."  Id.  Rule 36 does not apply here.

### B.    Defendant's Argument

Defendant moves to reopen the proceedings for the purposes of

reconsidering the Amended Judgment entered on August 29, 2013 on the

grounds that Defendant was not given notice and the opportunity to be heard

because neither Defendant nor Kushner was notified of the Motion to Amend

Judgment.  He argues that he only became aware of the Amended Judgment in

October 2013, when the prison staff told him of its existence and his obligation to pay $1,106,931 in restitution.

Defendant argues that, although Udoibok was still listed as Defendant's counsel of record in August 2013, from reviewing Udoibok's September 2012 Notice of Withdrawal of Motion, the Government should have known that Udoibok no longer considered himself to be Defendant's attorney. Defendant continues that it would be unreasonable to assume that privately retained trial court counsel would continue to be engaged in the case one year after final judgment had been entered. He asserts that, because the Government filed the motion for restitution so long after judgment had been entered, and long after the 90-day statutory deadline, the Government had an independent obligation to determine if anyone else served as Defendant's attorney for purposes of the Government's motion. Moreover, the Government knew that Kushner was representing Defendant on his appeal because it had been served with an appellate brief from Kushner on July 17, 2013, and it had served Kushner with a motion for an extension on August 2, 2013. (Kushner Decl. ¶ 4.)

Defendant claims that his failure to receive actual notice of the Government's motion and of the Court's Amended Judgment violated the law.

He notes that federal statute requires that the probation officer must include in

the presentence report or a separate report "information sufficient for the court

to exercise its discretion in fashioning a restitution order."  18 U.S.C. § 3664(a).

That report must be disclosed to the defendant.  Id. § 3664(b).  Defendant argues

that he never received notice of any such report, so he lost his right to dispute the

claimed restitution and to have a hearing at which the Government has the

burden to demonstrate the loss to each victim by a preponderance of the

evidence.  18 U.S.C. § 3664(e).

Defendant also points out that Federal Rule of Criminal Procedure 49(a),

(b) requires service of any written motion on every other party.  Also, Federal

Rule of Criminal Procedure 49(c) requires that the Clerk of Court provide a party

with notice of any court order:

> When the court issues an order on any post-arraignment motion, the
> clerk must provide notice in a manner provided for in a civil action.
> Except as Federal Rule of Appellate Procedure 4(b) provides
> otherwise, the clerk's failure to give notice does not affect the time to
> appeal, or relieve – or authorize the court to relieve – a party's
> failure to appeal within the allowed time.

Federal Rule of Appellate Procedure 4(b) provides that a defendant must

file his appeal within 14 days after entry of the judgment or order being appealed

and that, upon a finding of excusable neglect or good cause, a district court may

extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed.

Defendant argues that neither he nor his actual attorney, Kushner, received any document.  Furthermore, he asserts that the failure of the Clerk to give notice of a court order is a clerical error which should be corrected by vacating and re-entering the order or judgment, through Federal Rule of Criminal Procedure 36, to permit additional time for filing an appeal.  See Lohman v. United States, 237 F.2d 645, 647 (6th Cir. 1956).  However, after the Sixth Circuit issued its opinion in Lohman, Rule 49 was amended to provide that the failure of the Clerk to give notice does not affect the time for appeal, beyond a possible 30-day extension for excusable neglect or good cause.  See Fed. R. Crim. P. 49, Advisory Committee Notes, 1966 Amendment.

Defendant concludes that justice and due process mandate that the Court reopen the restitution because the Court lacked jurisdiction to enter a $1.1 million judgment without providing notice to Defendant.

## C.    Notice Provided by the Court and Government

The Court finds that the allegations regarding Udoibok's failure to notify Defendant of the restitution proceedings are serious.  However, neither the

Government nor the Court has failed to provide the notice due to Defendant under the due process clause and various statutes.

The Government's Motion to Amend Judgment was electronically filed on CM/ECF, and Udoibok, who was listed as Defendant's only attorney of record at that time would have received service through the notice of electronic filing.  See D. Minn. Local Rule 5.4.  In Defendant's current motion, Defendant's current attorney concedes that Udoibok failed to withdraw as counsel for Defendant. (Kushner Decl. at ¶ 3 n.1.)  Because Defendant's current attorney did not file a notice of appearance with this Court until October 30, 2013 [Docket No. 1016], he was not entitled to receive notice of any filings in Defendant's case before that date.  Udoibok was on notice that restitution had been left open in Defendant's case, and he received electronic notice of the Government's motion.  However, he failed to file a response or ask Kushner to file a notice of appearance so that he could file a response.  "[C]ounsel of record must act appropriately until notice of withdrawal and substitution is a matter of record.  To do otherwise is to abandon a client when the court neither knows nor has reason to know that notice to counsel of record is not notice to the client."  United States v. Schubert, 1996 WL 711424, at *1, 103 F.3d 143 (9th Cir. 1996) (unpublished).  This Court will

11

separately open an inquiry into counsel's actions in this case to determine

whether the allegations are accurate and whether discipline is warranted.

The Clerk's Office and the Government provided notice to Defendant's

counsel of record, who had been notified that the amount of restitution was left

open until a later date and who had filed a notice with Court explicitly stating

that he was not withdrawing as counsel.  Under these circumstances, no

violation of Federal Rules of Criminal Procedure, 18 U.S.C. § 3664, or due process

was committed by the Court or the Government.

## IV.    CONCLUSION

The Court does not have jurisdiction to reopen and amend the amount of

the restitution judgment at this time because Defendant's motion was filed more

than 14 days after judgment was entered.  <u>See</u> Fed. R. Crim. P. 35.  Additionally,

Defendant is not seeking to amend the restitution order under any of the

circumstances listed in 18 U.S.C.  § 3664(o).  Therefore, the order of restitution is

final, and this Court cannot modify the amount of restitution at this time.  <u>See,</u>

<u>e.g.,</u> <u>United States v. Lallemand</u>, 207 F. App'x 665, 666-67 (7th Cir. 2006) (holding

that, when, after time for a Rule 35 motion had expired, defendant "sought

outright termination of his restitution obligation, not simply a change in the

12

timing of collection," the district court lacked jurisdiction to adjudicate the

"validity of the restitution order" because "[a]bsent a specific statute or rule, a

district court lacks jurisdiction to revisit a sentence"); United States v. Anderson,

No. 10–cr–30175–DRH, 2012 WL 112578, at *1, *3 (S.D. Ill. Jan. 12, 2012) (holding

that district court did not have authority under Rules 35 or 36 to reopen

amended judgment which included a restitution amount even when defendant's

counsel argued that, despite defendant's desire to object to the restitution

amount, defense counsel had failed to file a timely response to the proposed

restitution amount and defendant had been denied his right to be heard on the

issue of restitution); United States v. Gant, No. CR 06–00336–003 SBA, 2010 WL

4503186, at *2 (N.D. Cal. Nov. 2, 2010) (holding district court lacked jurisdiction

to amend restitution order when, more than 14 days after judgment, defendant

challenged restitution amount on grounds that, among other things, his court-

appointed attorney did not ask the court to set his restitution amount); United

States v. Raether, No. CR 95–40012 02, 2007 WL 61012, at *2 (D.S.D. Jan.8, 2007)

("[The defendant] points to no statutory authority which would allow the Court

to amend the judgment in his criminal case in order to change the amount of

restitution, and the Court is aware of none.").

The allegations before the Court are significant: that Defendant did not receive notice of the proceedings in this case because his attorney of record deleted, without reading, the motion served on him. The Court's current Order does not dismiss the seriousness of this situation. However, this Court does not have the power to act. If this Order is appealed to the Eighth Circuit Court of Appeals, this Court is hopeful that the Court of Appeals might remand the matter of restitution to this Court to be reopened, so that Defendant is granted notice and the opportunity to be heard on the issue of restitution.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Defendant's Motion to Re-Open and for Reconsideration of Restitution [Docket No. 1018] is **DENIED**.


Dated:  March 26, 2014                    s/ Michael J. Davis
                                          Michael J. Davis
                                          Chief Judge
                                          United States District Court