# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                              **MEMORANDUM OF LAW & ORDER**
                                       Criminal File No. 11-87 (MJD/JJK)

(7) ADETOKUNBO OLUBUNMI ADEJUMO,

      Defendant.

Lola Velazquez-Aguilu, Assistant United States Attorney, Counsel for Plaintiff.

Adetokunbo Olubunmi Adejumo, pro se.

      This matter is before the Court on the Government's Motion for an Order Finding Waiver of Defendant's Attorney-Client Privilege. [Docket No. 1072]

      Defendant Adetokunbo Olubunmi Adejumo has filed a Pro Se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. [Docket No. 1064] In Adejumo's motion, he asserts that his defense counsel, Kenneth Udoibok, was ineffective because Udoibok failed to properly advise Adejumo on the risks of testifying during a particular hearing. Adejumo also asserts that Udoibok was ineffective because Udoibok advised him to sign a plea agreement

stipulating to the loss amount but also advised Adejumo that he could still

challenge the loss amount based on an oral agreement with the Government.

> A defendant waives attorney-client privilege when he makes

> an attack . . . upon his attorney's conduct which calls into question the substance of their communications.  A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence.  . . .  Surely a client is not free to make various allegations of misconduct and incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege.  Such an incongruous result would be inconsistent with the object and purpose of the attorney-client privilege and a patent perversion of the rule.  When a client calls into public question the competence of his attorney, the privilege is waived.

Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974) (citations omitted).  See

also United States v. Davis, 583 F.3d 1081, 1090 (8th Cir. 2009) (holding that

defendant "waived the attorney-client privilege when [defendant] asserted he

should be able to withdraw his guilty plea based on the erroneous advice of his

appointed counsel") (citation omitted).

Here, Adejumo has asserted that Udoibok was ineffective based on the

legal advice he gave regarding testifying and the plea agreement.  Therefore,

Adejumo has waived attorney-client privilege with respect to the issues raised in his motion.

Adejumo admits that he has waived attorney-client privilege, but asserts that this waiver only extends to testimony at an evidentiary hearing and does not permit Udoibok to execute an affidavit.  The law imposes no such restriction. Adejumo has waived attorney-client privilege with regard to the issues discussed in his motion; therefore, Udoibok is permitted to reveal relevant attorney-client communications, whether in an affidavit or at an evidentiary hearing.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

> The Government's Motion for an Order Finding Waiver of Defendant's Attorney-Client Privilege [Docket No. 1072] is **GRANTED**, and Kenneth Udoibok is granted leave to file an affidavit and, if necessary, to testify at a hearing regarding the claims made by Defendant.

Dated:   August 18, 2015            s/ Michael J. Davis
                                    Michael J. Davis
                                    United States District Court

3